IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CAREY BERNARD CALDWELL, a.k.a.  §
BERNARD TALIB DIN HASAN          §
                                 §
V.                               §        C.A. NO. C-04-672
                                 §
DOUGLAS DRETKE                   §

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this § 2254 habeas corpus action, petitioner Carey Bernard Caldwell, a.k.a.

Bernard Talib Din Hasan challenges his June 1, 2001 conviction for securities fraud.

He raises numerous grounds, including denial of due process, insufficient evidence,

and ineffective assistance of counsel at trial and on appeal.  (D.E. 1).  Respondent

moves for summary judgment, arguing that Mr. Caldwell's claims are procedurally

barred from federal habeas review because he did not wait until the Court of

Criminal Appeals made a decision on his writ of habeas corpus before he filed his

federal habeas petition.  (D.E. 16).  Alternatively, respondent argues that Mr.

Caldwell is not entitled to relief because the state court's adjudication of Mr.

Caldwell's claims was not contrary to clearly established federal law, nor did it

involve an unreasonable determination of the facts in light of the evidence.  (D.E.

16); 28 U.S.C. § 2254(d).  Mr. Caldwell has not filed a response in opposition to

respondent's motion for summary judgment.[1]  For the reasons discussed below, it is recommended that respondent's motion for summary judgment be granted and that Mr. Caldwell's § 2254 petition for relief be denied.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND FACTS

**A.      The Underlying Proceedings.**

The Director has lawful custody of Mr. Caldwell pursuant to judgments of conviction and sentence of the 180th Judicial District Court of Harris County, Texas, in cause numbers 818935, 818940, 818942, 818944, 818951, and 818952 each styled The State of Texas v. Carey B. Caldwell aka Bernard Hasan.  Appellate Records[2] 01-00895, at 68; 01-00896, at 67; 01-00897, at 67; 01-00898, at 69; 01-00899, at 77; 01-00900, at 97.  In each cause, Mr. Caldwell was found guilty of securities fraud, and on June 1, 2001, he was sentenced to two eighteen-year sentences, to run concurrently with each other, but consecutively with another conviction.  Id.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.  See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

[2] Mr. Caldwell filed six appeals corresponding with his six convictions.  The clerk's appellate records are cited with the number of the appeal and then the page number.

On December 12, 2002, the First Court of Appeals affirmed Mr. Caldwell's convictions and sentences for securities fraud in a published opinion.  Caldwell v. State, 95 S.W.3d 563 (Tex. Crim. App. 2002).  His pro se petitions for discretionary review were refused on July 2, 2003.  Caldwell v. State, PDR Nos. 306-03, at cover; 307-03, at cover; 308-03, at cover; 309-03, at cover; 310-03, at cover; 311-03, at cover.

On October 1, 2004, Mr. Caldwell filed applications for a state writ of habeas corpus challenging each conviction; all were denied without written order on January 12, 2005.  Ex parte Caldwell, App. Nos. 60,909-01, at cover & 2; 60,909-02, at cover & 2; 60,909-03 at cover & 2; 60,909-04, at cover & 2; 60,909-05, at cover & 2; 60,909-06, at cover & 2.  He filed the instant petition for writ of habeas corpus on December 15, 2004.[3]

**B.     The Facts Of The Underlying Securities Fraud Case.**

The state appellate court established the following facts:

> ... [A]ppellant served as president of TDH Unlimited, Inc. (TDH) from 1989 through 1998.  In promoting its enterprise, TDH solicited prospective investors to attend seminars.  At the seminars, TDH recruited and signed investors to join the TDH "Investment Club" by paying a $300 annual membership fee.  TDH club members were encouraged to participate in the TDH investment program by joining a team and giving the team money to invest.

_____

[3] Mr. Caldwell certified that he placed his petition in the prison mailing system on December 15, 2004.  (D.E. 1, at 9).  See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

TDH constructed each team to reach an aggregate investment pool of $25,000, the minimum amount required for investment. Investments were obligated for time periods of 12, 15, or 28 months, and TDH told investors to expect profit returns ranging from 100-300 percent.

TDH sold the proposition that American rice could be traded for African diamonds, resulting in great profit. Once a team supplied $25,000, TDH told investors that the money would be used to conduct an international "rice for diamonds" exchange. TDH further told investors that Unalat, an Antiguan company, would be performing the "rice for diamonds" exchange, and TDH instructed investors to make traveler's checks payable directly to Unalat.

The investors did not know that [Mr. Caldwell] was also the president of Unalat. It is unclear whether Unalat ever performed any "rice for diamonds" exchanges. It is clear, however, that money Unalat received was re-routed to various bank accounts before finally being deposited into [Mr. Caldwell's] personal bank accounts in Houston. From 1993 to 1998, Unalat deposited $2.4 million dollars into [Mr. Caldwell's] Houston accounts.

The evidence indicates that TDH actually served as a vehicle to facilitate [Mr. Caldwell's] efforts to operate a "Ponzi" scheme, in which earlier investors are paid with money obtained from new investors. The success of this scheme depended on [Mr. Caldwell's] ability to recruit and sign new investors so that earlier investors could be repaid. As new investors began to decline, and old investors began to demand money, [Mr. Caldwell's] scheme collapsed, resulting in substantial losses to investors.

Caldwell, 95 S.W.3d at 565-66 (footnotes omitted).

## III. PETITIONER'S ALLEGATIONS

Mr. Caldwell alleges that:

1.    He was denied due process because he was not allowed to represent

      himself on direct appeal;

4

2.  The indictment charged him with securities fraud, but the jury found him guilty of being an unregistered dealer;

3.  The evidence is legally insufficient to support his convictions for securities fraud;

4.  The evidence is factually insufficient to support his convictions for securities fraud and the incorrect factual sufficiency standard was used on appeal;

5.  His prosecution was barred by the doctrine of collateral estoppel because his theft conviction and securities fraud cases were based on the same facts;

6.  The trial court predetermined his sentence because the trial judge indicated that if convicted, his sentences would run consecutively;

7.  The trial court denied his request for a continuance;

8.  The prosecution threatened defense witnesses;

9.  The trial court did not include his requested jury instructions;

10. He was denied the effective assistance of counsel because his attorney:

    a.  Failed to object to the indictment;

    b.  Failed to pursue his defense of "mistake of law" and secure the testimony of Jim Smith in support of the defense;

    c.  Failed to secure a ruling on his motion to suppress and object to

unconstitutionally obtained evidence;

   d.  Failed to raise legal and factual sufficiency on appeal.

(D.E. 1, at 7-8, 8A-8F).[4]

## IV.  EXHAUSTION OF STATE COURT REMEDIES

Mr. Caldwell has presented the instant claims to the state courts.  (D.E. 1, at 7-8, 8A-8F); Ex parte Caldwell, App. Nos. 60,909-01, at 6-14; 60-909-02, at 6-14; 60,909-03, at 6-14; 60,909-04, at 6-14; 60,909-05, at 6-14; 60,909-06, at 6-14. Respondent argues that Mr. Caldwell has not successfully exhausted all of his federal claims because he filed the instant petition before the Court of Criminal Appeals made a decision on his application for state writ of habeas corpus.  (D.E. 16, at 4).  Respondent does not provide any support for this argument.  Id.

To exhaust, a petitioner "must have fairly *presented* the substance of his claims to the state courts."  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (citation omitted) (emphasis added).  There is nothing necessarily inappropriate about filing an action protectively.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., __ U.S. __, 125 S.Ct. 1517, 1528 n.9 (2005).  Furthermore, a federal district court may, in its discretion, stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts his claims in state court.  Rhines v. Weber, __ U.S. __, 125 S.Ct. 1528, 1535-36 (2005).  Finally, a writ of habeas corpus may be denied on

---

[4] There are six pages inserted between pages 8 and 9 of the form petition.  These pages are referred to as "8A" through "8F."

the merits regardless of whether the petitioner exhausted his state remedies.  28

U.S.C. § 2254(b)(2).

Mr. Caldwell did *present* his claims to the state court.  Ex parte Caldwell,

App. Nos. 60,909-01, at 6-14; 60-909-02, at 6-14; 60,909-03, at 6-14; 60,909-04, at 6-

14; 60,909-05, at 6-14; 60,909-06, at 6-14.  Additionally, the possible need for a stay

is not an issue because Mr. Caldwell's state writ was denied without written order

on January 12, 2005, shortly after he filed his federal writ.  Id. at 2.  Finally, as

discussed below, his writ is denied on its merits.

## V.  STANDARD OF REVIEW

### A.     Summary judgment standard.

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d

958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light

most favorable to the non-movant and all reasonable doubts must be resolved

against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

Summary judgment is mandated if the non-movant fails to make a showing

sufficient to establish the existence of an element essential to his case on which he

bears the burden of proof at trial.  <u>Celotex</u>, 477 U.S. at 322.

**B.     Federal habeas corpus review**.

A state prisoner seeking federal court review of his conviction pursuant to 28

U.S.C. § 2254 must assert a violation of a federal constitutional right.  <u>Gray v.</u>

<u>Lynn</u>, 6 F.3d 265, 268 (5th Cir. 1993).  A federal writ of habeas corpus is available

to a state prisoner only on the ground that he is in custody in violation of the

Constitution or laws and treaties of the United States.  <u>Boyd v. Scott</u>, 45 F.3d 876,

881 (5th Cir. 1994).

Under the 1996 amendments to the federal habeas corpus statute,[5] which took

effect April 24, 1996, a state prisoner may not obtain relief unless the state

adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of,  clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2)      resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>see</u> <u>also</u> <u>Drinkard v. Johnson</u>, 97 F.3d 751, 767-68 (5th Cir.

1996).

A decision is contrary to, or an unreasonable application of, clearly

---

[5] These amendments are embodied in the Antiterrorism and Effective Death Penalty Act of
1995, (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.

established federal law "if the state court arrives at a conclusion opposite to that
reached by [the Supreme Court] on a question of law or if the state court decides a
case differently than [the] Court on a set of materially indistinguishable facts."  Hill
v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citing Williams v. Taylor, 529 U.S.
362, 413 (2000)).  Absent a direct conflict with Supreme Court authority, habeas
relief is available only if the state court decision is unreasonable.  Montoya v.
Johnson, 226 F.3d 399, 404 (5th Cir. 2000).   However, an unreasonable application
of federal law is *not* the equivalent of an incorrect application.  Williams, 529 U.S.
at 412 (2000).  A federal writ may not issue simply because the state court
incorrectly applied federal law; the application must also be unreasonable.  Id. at
411.  An unreasonable application occurs "if the state court identifies the correct
governing legal principles from this Court's decisions but unreasonably applies that
principle to the facts of the prisoner's case."  Id.

Finally, a state court's determination of a factual issue is afforded a
presumption of correctness.  The petitioner shall have the burden of rebutting the
presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Jackson v.
Johnson, 150 F.3d 520, 524 (5th Cir. 1998).

**C.      Application Of The AEDPA's Deference.**

The Texas courts have already considered and rejected all of Mr. Caldwell's
claims.  Ex parte Caldwell, App. Nos. 60,909-01, at cover; 60-909-02, at cover;

9

60,909-03, at cover; 60,909-04, at cover; 60,909-05, at cover; 60,909-06, at cover.  In particular, the claims that Mr. Caldwell pursues in the instant petition were raised in his state habeas corpus application.  (D.E. 1, at 7-8F); Ex parte Caldwell, App. Nos. 60,909-01, at 6-14; 60,909-02, at 6-14; 60,909-03, at 6-14; 60,909-04, at 6-14; 60,909-05, at 6-14; 60,909-06, at 6-14.  The State filed an Answer and the trial court entered its findings, conclusion, and recommendation that Mr. Caldwell's claims be denied. Ex parte Caldwell, App. Nos. 60,909-01, at 70-84, 86-89; 60-909-02, at 70-84, 86-89; 60,909-03, at 70-84, 86-89; 60,909-04, at 70-84, 86-89; 60,909-05, at 70-84, 86-89; 60,909-06, at 70-84, 86-89.  The Texas Court of Criminal Appeals denied Mr. Caldwell's state habeas application without written order based on the findings of the trial court.  Id. at cover.  This denial of Mr. Caldwell's application and its specific reference to the findings of the trial court is neither silent nor ambiguous. Instead, it is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal v. Puckett, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication on the merits" is a term of art that refers to whether a court's disposition of the case was substantive); Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).

Thus, deference to the state court decision is mandated by § 2254(d).  Mr. Caldwell is not entitled to federal habeas relief unless he can demonstrate that the

state court's adjudication of his claims was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

## VI. <u>MR. CALDWELL'S CLAIMS</u>

**A.    He Was Denied The Right To Represent Himself On Direct Appeal.**

Mr. Caldwell alleges that he was denied due process because he was denied the right to represent himself on appeal.  (D.E. 1, at 7).  However, there is no constitutional right to self-representation on appeal.  <u>Martinez v. Court of Appeal of Cal.</u>, 528 U.S. 152, 154 (2000).  Therefore, it cannot be said that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  Thus, Mr. Caldwell is not entitled to federal habeas relief on this claim.

**B.    The Indictment Charged Him With Securities Fraud, But The Jury Found Him Guilty Of Being An Unregistered Dealer.**

Mr. Caldwell alleges that the indictment charged him with securities fraud, but the jury found him guilty of being an unregistered dealer.  (D.E. 1, at 7).  This claim is entirely without merit.

The indictment charged Mr. Caldwell with *securities fraud*.  (D.E. 1, at 7).  The jury returned a verdict convicting him of *securities fraud*.  10 SF 43-44.

It cannot be said that the state court's denial of this claim was "contrary to, or

involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  As a result, Mr. Caldwell is not entitled to federal habeas relief on this claim.

**C.     There Was Legally Insufficient Evidence To Support His Conviction.**

Mr. Caldwell claims the evidence was legally insufficient to support his conviction.  (D.E. 1, at 8A-8B).  He raised this sufficiency of the evidence claim in his state writ application, and the Court of Criminal Appeals denied the writ without written order based on the findings of the trial court.  Ex parte Caldwell, 60,909-01, at cover; 60,909-02, at cover; 60,909-03, at cover; 60,909-04, at cover; 60,909-05, at cover; 60,909-06, at cover.

In his state habeas application, the trial court found Mr. Caldwell was barred from raising this claim in a collateral proceeding.  Id. at 86.  Even though a denial without written order of a habeas claim in most cases is based on the merits, in certain cases the denial is deemed to have been based on a procedural bar.  Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  Under Texas law, the sufficiency of the evidence may be raised on direct appeal, but not in a state habeas proceeding.  Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (en banc); Ex parte Christian, 769 S.W.2d 659, 660 (Tex. Crim. App. 1988) (en banc). The Texas Court of Criminal Appeals has held that denial without written order of

12

habeas claims regarding sufficiency of the evidence is deemed to be based on the procedural bar to the review of such claims in the habeas context.  Ex parte Grigsby, 137 S.W.3d at 674.  The Fifth Circuit has recognized this state procedural bar.  See West v. Johnson, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) ("Although the Court of Criminal Appeal's denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised on state habeas."); Renz v. Scott, 28 F.3d 431, 432 (5th Cir. 1994) (recognizing that under Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal, but not in a habeas corpus proceeding).

Mr. Caldwell's claim of legally insufficient evidence is procedurally barred from federal review.  Where a state court relies on a procedural bar to deny relief, a state prisoner may not obtain federal habeas relief unless he can demonstrate cause for the default and actual prejudice attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Mr. Caldwell has failed to establish actual prejudice.  Moreover, he does not even attempt to argue a miscarriage of justice exception.  Thus, this claim is procedurally barred from federal habeas corpus review.

**D.      There Was Factually Insufficient Evidence To Support His Conviction.**

Mr. Caldwell also argues that the evidence was factually insufficient to support his conviction and that the appellate court used the wrong factual sufficiency standard.  (D.E. 1, at 8A-8B).  Texas recognizes claims of factual insufficiency of the evidence, and distinguishes such claims from legal sufficiency of the evidence claims.  See Clewis v. State, 922 S.W.2d 126, 131-34 (Tex. Crim. App. 1996).  However, neither the Supreme Court, nor the Fifth Circuit, have made such a distinction between factual and legal sufficiency.  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); West, 92 F.3d at 1393-98.  The sole constitutionally cognizable claim regarding the sufficiency of the evidence of a state court conviction in federal court is the legal sufficiency of the evidence claim contained in Jackson.  443 U.S. at 318-19.  Therefore, Mr. Caldwell's claim of factual insufficiency of the evidence does not state a claim upon which federal habeas relief can be granted.

Furthermore, because there is no federally recognized habeas corpus claim regarding factual sufficiency of the evidence, Mr. Caldwell provides no evidence that the factual sufficiency standard applied by the state court was "contrary to, or involved an unreasonable application of, clearly established federal law."  28 U.S.C. § 2254(d)(1).  Additionally, the factual sufficiency standard applied by the Court of Criminal Appeals was the proper standard at the time Mr. Caldwell's appeal was

reviewed and has not been overruled.  Caldwell, 95 S.W.3d at 566; Zuniga v. State,

144 S.W.3d 477, 483-84 (Tex. Crim. App. 2004).  Finally, Mr. Caldwell does not

provide evidence that the use of the factual sufficiency standard was "based on an

unreasonable determination of the facts in light of the evidence."  28 U.S.C.

§2254(d)(2); (D.E. 1, at 8A-8B).

Consequently, Mr. Caldwell's claims of factually insufficient evidence to

support his conviction and the use of the wrong factual sufficiency standard by the

appellate court do not raise constitutionally cognizable claims.  Accordingly, these

claims do not state grounds upon which federal habeas corpus relief may be

granted.

**E.      His Prosecution Was Barred By The Doctrine Of Collateral Estoppel.**

Mr. Caldwell alleges that his prosecution was barred by the doctrine of

collateral estoppel because the same facts were involved in his theft trials and his

securities fraud trials.  (D.E. 1, at 8B).  The Supreme Court defines collateral

estoppel as one aspect of the double jeopardy clause requiring "that when an issue

of ultimate fact has once been determined by a valid and final judgment, that issue

cannot again be litigated between the same parties in any future lawsuit."  Ashe v.

Swenson, 397 U.S. 436, 443 (1970); see also United States v. Levy, 803 F.2d 1390,

1398 (5th Cir. 1986).  In order for the doctrine of collateral estoppel to apply, the

issue or fact must necessarily have been decided in favor of the defendant in the

first trial.  Johnson v. Estelle, 506 F.2d 347, 350 (5th Cir. 1975).

Mr. Caldwell's claim fails because he has not established that any issue decided in his theft trials were decided in his favor, such that he could have benefitted from the doctrine of collateral estoppel.  It cannot be said that the state court's decision on this matter was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  Therefore, this claim does not state a ground upon which federal habeas relief can be granted.

**F.    The Trial Court Predetermined That His Sentences Would Be Cumulated Upon Conviction.**

Mr. Caldwell alleges the trial court predetermined that his sentences would be cumulated if he was convicted.  (D.E. 1, at 8C).  Due process guarantees a defendant the right to a hearing before a "neutral and detached hearing body." Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973).  A fundamental component of due process is the right to a hearing before an impartial decision maker with no actual bias against the defendant and with no interest in the outcome of the case.  Bigby v. Dretke, 402 F.3d 551, 558 (5th Cir. 2005).

The record indicates that the trial judge informed Mr. Caldwell that the trial judge was authorized to stack any sentence that he might receive on top of the 55 year sentence for theft that he had already received in a previous trial.  2 SF 43-44,

16

46-47.  Although the trial judge indicated that he might cumulate his sentence, the trial judge also indicated that he would listen to the evidence and argument presented by Mr. Caldwell on that issue.  2 SF 46.

Accordingly, Mr. Caldwell has failed to demonstrate that the trial judge predetermined his sentence.  Moreover, he has not identified any Supreme Court precedent such that the state court's rejection of his claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  Therefore, Mr. Caldwell is not entitled to federal habeas relief on this claim.

## G.    The Trial Court Denied His Motion For Continuance.

### 1.    No Continuance To Call A Witness.

Mr. Caldwell argues that the trial court should have granted his motion for a continuance.  (D.E. 1, at 8C-8E).  "When a denial of a continuance forms a basis of a petition for a writ of habeas corpus, not only must there have been an abuse of discretion but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process."  Hicks v. Wainwright, 633 F.2d 1146, 1148 (5th Cir. Unit B 1981) (citations omitted).  As the Fifth Circuit observed in Hicks, in denying a continuance based on counsel's lack of preparation, "'[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary

17

as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" Id. at 1149 (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).  Among the factors to be considered with regard to the abuse of discretion component are: "[T]he diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony."  Id. at 1149 (citations omitted).

On the last day of the guilt and innocence phase, Mr. Caldwell's attorney asked for a continuance to present his last witness, George Bradford.  8 SF 204-05. Initially, the trial judge reminded counsel that he had told counsel that he needed to have his witnesses available because on the previous day, the State indicated that it had only one witness remaining and estimated that fifteen to twenty minutes would be used on his direct examination.  6 SF 206-08; 8 SF 205.

In support of his motion, Mr. Caldwell's attorney explained that Mr. Bradford was a civil attorney for Mr. Caldwell and his companies.  8 SF 208.  In addition, Mr. Caldwell explained that Mr. Bradford would testify about the civil litigation involving Mr. Caldwell and testify that some of the victims received their

money back.  8 SF 208-09.  The trial court found that this testimony was immaterial to the issue of Mr. Caldwell's guilt or innocence.  8 SF 210.  Although Mr. Caldwell's attorney did not explain in detail, he offered that Mr. Bradford would also testify about "his review of certain items on behalf of the company of TDH and related companies for Mr. Hasan and Ms. Gonzalez."  8 SF 209.

The trial judge denied Mr. Caldwell's request for a continuance because he had told counsel to have all of his witnesses ready and because the testimony was immaterial.  8 SF 210.  Thus, the record demonstrated that the trial court did not abuse its discretion, nor deny Mr. Caldwell due process, by denying his request for a continuance because the proffered testimony was immaterial, cumulative, and Mr. Caldwell's attorney had not used diligence in securing the witness' attendance at trial.[6]

Therefore, it cannot be said that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  Thus, Mr. Caldwell is not entitled to federal habeas relief on this claim.

―――――――――――――

[6] In addition, after each side rested, the trial judge indicated that if Mr. Caldwell's witness was available at 8:00 a.m. the following morning, he would listen to the testimony outside the jury's presence and determine if he would allow Mr. Caldwell to reopen his case and allow the witness to testify.  8 SF 223-24.

### 2.      No Continuance To Review Prior Trial Transcripts.

Additionally, prior to voir dire, Mr. Caldwell's attorney requested a continuance to review transcripts from Mr. Caldwell's earlier theft trial.  2 SF 5-6. Mr. Caldwell's attorney requested a week to review the transcripts because he had just received all of the transcripts from the court reporter.  2 SF 5.  The court reporter, however, indicated that she had the transcripts available for Mr. Caldwell's attorney a few days earlier, but that Mr. Caldwell did not retrieve the transcripts because he had a hearing and a graduation to attend.  2 SF 8.  The trial court, then, denied Mr. Caldwell's motion.  2 SF 8.

Mr. Caldwell has not demonstrated that the trial court's denial of his request for a continuance was an abuse of discretion, nor has Mr. Caldwell demonstrated that the denial was so arbitrary that it violated his due process rights.  As a result, it cannot be said that the state court's denial on this issue was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  Thus, Mr. Caldwell is not entitled to federal habeas relief on this claim.

### H.      The Prosecutor Threatened His Defense Witnesses.

Mr. Caldwell alleges that the prosecutor threatened a radio station manager with prosecution if the station did not cease running commercials for Mr. Caldwell

20

and his companies.  (D.E. 1, at 8C-8D).  He further alleges that the station manager

threatened its employee, Martha Pruneda, if she helped him.  (D.E. 1, at 8D).

A petitioner must show that the prosecutor's conduct was so prejudicial that

it deprived him of a fair trial.  <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 642-43

(1974); <u>Kirkpatrick v. Blackburn</u>, 777 F.2d 272, 281 (5th Cir. 1985).  Mr. Caldwell

did not provide any evidentiary support for his conclusory allegations.  <u>See Miller</u>

<u>v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations do not raise a

constitutional issue).

Therefore, Mr. Caldwell has not established that the state court's denial of

this claim was "contrary to, or involved an unreasonable application of, clearly

established federal law" or was "based on an unreasonable determination of the

facts in light of the evidence."  28 U.S.C. § 2254(d).  Thus, he is not entitled to

federal habeas relief on this claim.

## I.    The Trial Court Denied His Request For Jury Instructions.

Mr. Caldwell argues that the trial court should have included his requested

jury instructions.  (D.E. 1, at 8E).  Specifically, he alleges that he requested an

instruction on the "exemptions as contained in Section 5 of the Securities Act" and

requested that the definition of "joint venture" be included in the jury instruction on

securities fraud.  (D.E. 1, at 8A & 8E).  Mr. Caldwell, however does not argue how

their omission denied his right to a fair trial.  <u>Id.</u>

Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief.  Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). Claims of improper jury instruction or rejection of a requested jury instruction will only support a claim for habeas relief if the erroneous instruction by itself rendered the trial fundamentally unfair.  Henderson v. Kibbe, 431 U.S. 145, 154-55 (1977); Cupp v. Naughten, 414 U.S. 141, 147 (1973); see also Galvan v. Cockrell, 293 F.3d 760, 764 (5th Cir. 2002) (relevant inquiry on claims of improper or rejected jury instructions is whether there was prejudice of constitutional magnitude).  Merely urging that a jury instruction is "undesirable, erroneous, or universally condemned" is insufficient to support a claim for federal habeas corpus relief from a state court judgment.  Henderson, 431 U.S. at 154-55.  To prove that rejection of a jury instruction was so prejudicial that it will support a collateral attack on the constitutional validity of the state court judgment, Mr. Caldwell must show that failure to give the instruction "... by itself so infected the entire trial that the resulting conviction [or punishment] violates due process...."  Id.

Mr. Caldwell is unable to meet the threshold showing that the failure to give his requested jury instructions was erroneous.  All that he argues in his petition regarding his request for the inclusion of the definition of "joint venture," is that he made that request because the term "joint venture" appeared in the indictment. (D.E. 1, at 7 & 8E); 8 SF 219.  However, Mr. Caldwell admits in his petition that he

did engage in some joint ventures.  (D.E. 1, at 8B).  Furthermore, his only argument

for giving his requested instruction on the "exemptions as contained in Section 5 of

the Securities Act" is because the State mentioned the exemptions at some point

during the trial.  (D.E. 1, at 8E).  Mr. Caldwell does not even argue that he fell

within one of the exemptions.  Id.  Thus, he does not establish that failure to give

his requested jury instructions so "infected" the entire trial as to result in a denial of

due process.

Therefore, it cannot be said that the state court's denial of this claim was

"contrary to, or involved an unreasonable application of, clearly established federal

law" or was "based on an unreasonable determination of the facts in light of the

evidence."  28 U.S.C. § 2254(d).  Thus, Mr. Caldwell is not entitled to federal

habeas relief on this claim.

**J.      He Was Denied Effective Assistance Of Counsel.**

To prevail on a claim of ineffective assistance of counsel, a state prisoner

seeking federal habeas corpus relief bears the burden of showing that: (1) counsel's

performance was deficient, and (2) the deficient performance prejudiced the

defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The petitioner must

demonstrate that counsel's representation fell below an objective standard of

reasonableness as measured by prevailing professional standards.  Little v. Johnson,

162 F.3d 855, 860 (5th Cir. 1998).  The reviewing court must give great deference to

counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Strickland, 466 U.S. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).  However, a reviewing court need not consider the deficiency prong if it concludes that the defendant has demonstrated no prejudice.  Strickland, 466 U.S. at 697.

The defendant may not simply allege, but must "affirmatively prove" prejudice.  Id. at 693.  In order to obtain federal habeas relief, a petitioner must affirmatively show how the actions of his attorney deprived him of a fair trial. Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  Id. at 694; Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable or the proceeding was fundamentally unfair due to the deficient performance of counsel).

As the Fifth Circuit has firmly established, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue.  Miller, 200 F.3d at 281-86.  "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner],... we [can find] no merit to these claims.'"  Id. at 282 (quoting Ross v. Estelle, 694

24

F.2d 1008, 1012 (5th Cir. 1983)); see also Sayre v. Anderson, 238 F.3d 631, 634-36

(5th Cir. 2001) (defendant's self-serving conclusory statement that his testimony

would have resulted in an acquittal, standing alone, falls far short of satisfying

Strickland).

    1.    **Attorney Was Deficient For Failing To Object To The Indictment.**

    Mr. Caldwell alleges that his attorney was deficient by failing to object to the

indictment because it failed to charge him with securities fraud pursuant to Tex.

Rev. Stat. Ann. art. 581-29(c).  (D.E. 1, at 8E)  However, he acknowledges that the

indictment charged him with violating Tex. Rev. Civ. Stat. Ann. art. 581-29(a).  Id.

Furthermore, Article 581-29 neither defines "securities fraud," nor indicates that the

conduct in subsection (c) is securities fraud, while the conduct in subsection (a) is

not securities fraud.  See Tex. Rev. Civ. Stat. Ann. art. 581-29(a)&(c) (Vernon

2002).

    Accordingly, Mr. Caldwell has failed to demonstrate that his attorney had a

viable objection to the indictment.  See Sones v. Hargett, 61 F.3d 410, 416 n.15 (5th

Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Moreover, he cannot demonstrate that he was harmed by his attorney's alleged

deficiency in failing to object to the naming of his criminal conduct.  Therefore, it

cannot be said that the state court's decision on this matter was "contrary to, or

involved an unreasonable application of, clearly established federal law" or was

"based on an unreasonable determination of the facts in light of the evidence."  28

U.S.C. § 2254(d).  Mr. Caldwell is not entitled to federal habeas relief on this claim.

### 2. Attorney Was Deficient For Failing To Maintain His "Mistake Of Law" Defense By Calling Jim Smith As A Witness.

Mr. Caldwell argues that his attorney was deficient by failing to call Jim

Smith as a witness to help maintain his "mistake of law" defense.  "Where the only

evidence of a missing witness' testimony is from the defendant, [the Fifth Circuit]

views claims of ineffective assistance with great caution."  Lockhart v. McCotter,

782 F.2d 1275, 1282 (5th Cir. 1986) (citing Schwander v. Blackburn, 750 F.2d 494,

500 (5th Cir. 1985)).  Further, "[i]n order for the appellant to demonstrate the

requisite Strickland prejudice, the appellant must show not only that this testimony

would have been favorable, but also that the witness would have testified at trial."

Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985); see also Lavernia v.

Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988) (counsel is not ineffective for failing to

call witnesses whose testimony is cumulative of other evidence).  Furthermore,

counsel is not required "to press a frivolous point."  Sones, 61 F.3d at 415 n.15.

Mr. Caldwell presented an unsigned "affidavit" of James Robert Smith to the

state habeas court.  Ex parte Caldwell, 60,909-01, at 23; 60,909-02, at 23; 60,909-03,

at 23; 60,909-04, at 23; 60,909-05, at 23; 60,909-06, at 23.  This statement indicated

that Mr. Smith believed that Mr. Caldwell's intentions were to operate within the

law.  Id.  However, Mr. Caldwell's intention to act within the law does not establish

the defense of "mistake of law."  In order to prove a "mistake of law" defense, Mr.

Caldwell would also have had to demonstrate that he reasonably relied on:

> (1) an official statement of the law contained in written order or grant of permission by an administrative agency charged by law with the responsibility for interpreting the law in question; or

> (2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with the responsibility for interpreting the law in question.

Tex. Penal Code Ann. § 8.03(b) (Vernon 2005).

Mr. Caldwell has failed to establish, with sufficient proof, that Mr. Smith

would have testified and that, if called, his testimony would have been favorable

and not cumulative of other testimony.  Moreover, Mr. Caldwell has failed to

demonstrate that he was prejudiced by his attorney's conduct, because the inclusion

of Mr. Smith's testimony would not have changed the outcome of his trial.  As a

result, it cannot be said that the state court's decision on this matter was "contrary

to, or involved an unreasonable application of, clearly established federal law" or

was "based on an unreasonable determination of the facts in light of the evidence."

28 U.S.C. § 2254(d).  Thus, Mr. Caldwell is not entitled to federal habeas relief on

this claim.

27

### 3.     Attorney Was Deficient By Failing To Obtain A Ruling On His Motion To Suppress Or Object To The Admission Of Unconstitutionally Obtained Evidence.

Mr. Caldwell alleged that his attorney was deficient by failing to obtain a ruling on his motion to suppress or otherwise objecting to the admission of unconstitutionally obtained evidence. (D.E. 1, at 8E-8F). However, the record contradicts Mr. Caldwell's allegations. His attorney filed a motion to suppress evidence as being unconstitutionally obtained, but that motion was denied by the trial court prior to trial. Tr. at 30. Therefore, it cannot be said that the state court's decision on this matter was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Thus, Mr. Caldwell is not entitled to federal habeas relief on this claim.

### 4.     Appellate Attorney Was Deficient By Failing To Allege That The Evidence Was Factually and Legally Insufficient.

Mr. Caldwell alleges that his appellate attorney was deficient by failing to argue that the evidence was factually and legally insufficient to sustain the jury's verdict. (D.E. 1, at 8F). However, the record contradicts Mr. Caldwell's allegation because factual and legal sufficiency were raised on appeal, and rejected by the appellant court. Caldwell, 95 S.W.3d at 565. Therefore, Mr. Caldwell cannot sustain his burden of demonstrating that his attorney's conduct was deficient, or that he was prejudiced by the alleged deficiency.

28

Accordingly, it cannot be said that the state court's decision on this matter was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  Thus, Mr. Caldwell is not entitled to federal habeas relief on this claim.

## VII.  RECOMMENDATION

Mr. Caldwell alleges no constitutional claim upon which habeas corpus relief can be granted.  Thus, it is respectfully recommended that respondent's motion for summary judgment be granted and that Mr. Caldwell's petition be dismissed with prejudice.

Respectfully submitted this 15th day of August 2005.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 8(b)(3), Rules Governing § 2254 Cases, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d. 1415 (5th Cir. 1996) (en banc).