IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CAREY BERNARD CALDWELL, | § | |
| TDCJ-CID NO. 1043417, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-04-672 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutional Division, | § | |
|     Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion for a certificate of appealability ("COA"). (D.E. 32). For the reasons stated herein, it is respectfully recommended that the Court deny petitioner's motion.

**I. PROCEDURAL BACKGROUND**

Petitioner filed a petition for writ of habeas corpus with the Court on December 15, 2004. (D.E. 1). Respondent filed a motion for summary judgment, on June 16, 2005, arguing that petitioner's claims were procedurally barred, and without merit. (D.E. 16).

On August 15, 2005, a memorandum and recommendation was issued

recommending that respondent's motion be granted and petitioner's writ be dismissed with prejudice because all of his claims lacked merit. (D.E. 22). By Order and Final Judgment, entered October 31, 2005, the Court adopted the memorandum's findings and conclusions of law. (D.E. 27, 28). The Court granted respondent's motion and dismissed petitioner's writ with prejudice. Id.

On November 21, 2005, petitioner filed a notice of appeal from the final judgment. (D.E. 29). He then filed this motion for a COA on March 20, 2006. (D.E. 32).

## II. DISCUSSION

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to

proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

    Petitioner argues that for a COA to issue, a petitioner is not required to demonstrate that he will prevail on the merits, but rather demonstrate that reasonable jurists could debate whether his claims should have been resolved in a different manner, or demonstrate that the issues presented are adequate to deserve encouragement to proceed further.  (D.E. 32, at 1-2).  He relies on Tennard v. Dretke, 542 U.S. 274 (2004) to support this assertion.  Indeed, the Supreme Court in Tennard established that a "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  Id. at 282 (quoting Slack, 529 U.S. at 484).  Here, petitioner has failed to make such a demonstration.  He also seeks to incorporate arguments presented in his objections to the memorandum and recommendation to support his argument that a COA is warranted in his case.  His objections, however, do not demonstrate that reasonable jurists would disagree about the claims in his petition.  (D.E. 26).

    In Tennard, the Supreme Court issued a COA to the petitioner, holding "that reasonable jurists would find debatable or wrong the District Court's disposition of Tennard's low-IQ-based *Penry* claim."  542 U.S. at 289.  Factually, Tennard is very different than petitioner's claims.  Here, he has failed to demonstrate or argue

that the Court applied an improper legal standard in the resolution of his claims.

Based on well-established Supreme Court precedents, petitioner has failed to establish that a COA is appropriate in his case. Thus, it is respectfully recommended that his motion for a COA be denied. It is further respectfully recommended that petitioner be advised that he may request the issuance of a COA from a circuit court of appeals judge. See Fed. R. App. P. 22(b). If he does not make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit. Id.

### III.  RECOMMENDATION

It is respectfully recommended that petitioner's motion be denied, (D.E. 32). Respectfully submitted this 25th day of April 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).